# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH & WELFARE FUND,<br><br>        Plaintiff,<br><br>v.<br><br>CUSTOM FLOORS, INC., *et al.*,<br><br>        Defendants. | Case No. 2:10-CV-01215-KJD-GWF<br><br>**ORDER** |

     Before the Court is the Motion to Dismiss filed by Defendants Contractors Bonding & Insurance Company, Custom Floors, Inc., and Frank Kopcha (#25).  Plaintiffs Employee Painter's Trust Health & Welfare Fund filed an opposition (#28) and Defendants filed a reply (#29).

     On November 1, 2010 the parties in this case submitted a Stipulation and Order to Stay Proceeding "to allow the Defendants/Judgement Debtors to perform their obligations under a negotiated settlement with the Plaintiff/Judgement Creditor."  (#17.)  The Defendants also executed a Stipulation for Entry of Judgment by Confession and a Judgement by Confession.  This document provided that "Upon completion of such Judgment Obligations, Plaintiffs/Judgment Creditor shall dismiss their Complaint with prejudice against all parties, including any related claims asserted against Defendant/Judgement Debtor and Defendant CBIC."

On February 1, 2011, Defendants made final payment to Plaintiff and requested a dismissal with prejudice. The parties could not agree on the language of a Stipulation for Dismissal With Prejudice. The dispute between the parties focused on the scope of the dismissal language. Defendants sought a stipulation that states "[The Parties} hereby stipulate to dismiss all claims and all parties in and to this matter with prejudice...." However, a second case (2:11-cv-01030-KJD-PAL) between the parties and other parties is pending in this Court. Plaintiff was concerned that the broad stipulation language could be used in relation to the second case.

At a status hearing before this Court on September 14, 2011, Mr. Ludwig, counsel for the Defendants, stated that the first case and the second case are entirely unrelated. Based on this representation at the status hearing, Plaintiff agreed to sign the stipulation of dismissal proposed by Defendants. Since Defendants's counsel has acknowledged that the actions are unrelated, Defendants cannot use the language in the stipulation to affect the second action. The Court accepts the language of the Stipulation and Proposed Order for Voluntary Dismissal.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#25) is **DENIED** as moot.

DATED this 30th day of November 2011.

_____
Kent J. Dawson
United States District Judge